### BIBBER–WHITE CO. v. WHITE RIVER VAL. ELECTRIC R. CO.

(Circuit Court, D. Vermont. September 3, 1901.)

RAILROADS—RECEIVERSHIP—SALE OF PROPERTY.

A court will not order the sale of railroad property in the hands of receivers, where the purpose of the receivership was to secure the completion of the road, to save to the company certain subsidies and subscriptions, the right to which has been pledged by the receivers to raise funds, until the road has been so completed as to assure their collection.

In Equity. Petition for sale of property in hands of receivers. See 107 Fed. 176.

Eleazer L. Waterman, for petitioner.

Chas. M. Bruce, for receivers.

Arthur H. Wellman, for Jose, Parker & Co.

Frank Plumley, for Ward & Douglass.

WHEELER, District Judge. This cause has been heard upon a petition of Samuel Williams for a sale of the railroad and property in the hands of the receivers. The principles invoked for the petition that a receivership should be terminated as soon as practicable after its purposes have been accomplished are recognized as well established and salutary. Vermont & C. R. Co. v. Vermont Cent. R. Co., 50 Vt. 500. This receivership was created for the purpose of saving to the corporation its subsidies, voted by towns and subscribed upon conditions requiring prompt action in building the road, as well as for the purpose of completing the road. These subsidies are an important part of the property of the corporation; the right to them has been used by the receivers in connection with the construction of the road, and they have become involved with it by assignments; the road is not so far perfected as to leave them beyond dispute; and altogether the property does not appear to be now so well salable as to warrant forcing a sale of it in its present condition. The purposes of the receivership have not been accomplished, and a sale of the property before further accomplishment does not now seem to be wise.

Petition dismissed.